# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TELLY TYRONE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2208** |
| **DAVID SIRERA, ET AL.** | **SECTION "G" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Telly Tyrone Williams, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against David Sirera, John Linder, and Warden Gregory Longino. In this lawsuit, plaintiff claims that Sirera and Linder provided him with ineffective assistance of counsel in his state criminal proceedings. Plaintiff further claims that when he filed an administrative grievance concerning this matter, Longino did not assist him and resolve his complaint.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Complaint

In his complaint, plaintiff states his claims as follows:

① Mr. David Sirera told me to plea out to 6 years and I would receive good-time; as he withdrew the motion to quash the multi-bill enhancement, allowing the court to exceed the max of 5 years being 6 years day for day for possession of stolen property; first conviction in this state.

② Mr. Linder allowed the illegal sentence to stand after I wrote him a letter concerning the same ...

I then talked to the warden here; Longino and also not receiving any help or results. ARP.[2]

In his prayer for relief, plaintiff requests: "Justice –; Being released from jail, relieved from this pain and suffering to return to my family as soon as time permits."[3]

### A. *Habeas Corpus* Relief

Although plaintiff filed this action on a form to be used by prisoners seeking relief pursuant to 42 U.S.C. § 1983, the relief he seeks simply cannot be granted in a federal civil rights action brought under that statute. Rather, where, as here, a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 1, p. 5.

[3] Rec. Doc. 1, p. 5.

3

to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). However, it would not be appropriate to construe the instant application as a federal *habeas corpus* application, because plaintiff already has such a petition pending in this Court: Telly T. Williams v. Jack Strain, Civ. Action No. 13-2998 (E.D. La.).

### B. Federal Civil Rights Claims

As noted, plaintiff expressly filed this action seeking relief pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984). To the extent that plaintiff is in fact seeking relief under that statute, his claims clearly fail for the following reasons.

In this action, plaintiff has sued public defenders David Sirera and John Linder concerning the representation plaintiff received in his state criminal proceedings. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to

4

a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, the claims against Sirera and Linder must be dismissed.[4]

Plaintiff's remaining claim against Longino fares no better. Although plaintiff contends that his administrative grievance was not resolved by Longino, that is not a constitutional violation. An inmate simply has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

[4] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008). However, plaintiff makes no such claim in this proceeding.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this third day of October, 2014.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.