**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TELLY TYRONE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2208** |
| **DAVID SIRERA, et al.** | **SECTION "G"(3)** |

**ORDER AND REASONS**

Before the Court are Plaintiff Telly Tyrone Williams's ("Plaintiff") objections[1] to the

October 3, 2014, Report and Recommendation of the United States Magistrate Judge assigned to the

case.[2] Plaintiff, a state prisoner in St. Tammany Parish Jail, filed a complaint pursuant to 42 U.S.C.

§ 1983 against public defender David Sirera ("Sirera"), public defender John Linder ("Linder") and

St. Tammany Parish Jail Warden Gregory Longino ("Longino").[3] Plaintiff alleges that Sirera

provided him with ineffective assistance of counsel in his state criminal proceedings, and both

Linder and Longino failed to assist him in resolving his issues with Sirera.[4] The Magistrate Judge

recommends that the Court dismiss Plaintiff's claims with prejudice.[5] Plaintiff objects to the

Magistrate Judge's Report and Recommendation.[6] After reviewing the complaint, the Magistrate

Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for

the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1.

[4] *Id.* at 5.

[5] Rec. Doc. 4 at 5.

[6] Rec. Doc. 5.

1

Recommendation and dismiss Plaintiff's complaint with prejudice.

## I.   Background

### A.   *Factual Background* [7]

Plaintiff filed the instant complaint on September 19, 2014.[8] According to Plaintiff, Sirera

advised him to plead guilty to possession of stolen property.[9] Plaintiff asserts that Sirera advised that

he would receive a six year sentence with credit for "good time."[10] He argues that he was sentenced

to 6 years "day for day," and this sentence was illegal.[11] He contends that Linder "allowed the illegal

sentence to stand after [Plaintiff] wrote him a letter concerning the same."[12] Plaintiff asserts that he

filed an administrative grievance with Longino, and did not receive "any help or results."[13]

Accordingly, Plaintiff requests that this Court release him from jail, relieve his pain and suffering,

and return him to his family "as soon as time permits."[14]

### B.   *Report and Recommendation Findings*

On October 3, 2014, the Magistrate Judge recommended that the Court dismiss Plaintiff's

complaint with prejudice.[15] The Magistrate Judge found that Plaintiff's complaint is not actionable

---

[7] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purpose of considering Plaintiff's objections.

[8] Rec. Doc. 1.

[9] *Id.* at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.* Plaintiff attached a copy of the letter to his complaint. *Id.* at 7–8.

[13] *Id.* at 4–5.

[14] *Id.* at 5.

[15] Rec. Doc. 4 at 5.

under Section 1983, because Plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[16] The Magistrate Judge found that it would be inappropriate to construe this application as a federal habeas corpus application, because Plaintiff filed such a petition in another section of this Court.[17]

To the extent that Plaintiff is seeking relief under Section 1983, the Magistrate Judge found that these claims also clearly fail.[18] The Magistrate Judge noted that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[19] Therefore, the Magistrate Judge recommended that the claims against Sirera and Linder be dismissed.[20] As for the claim against Longino, the Magistrate Judge recommended that it be dismissed because prisoners have no constitutional right to adequate and effective grievance procedures.[21]

## C.  Plaintiff's Objections

On October 16, 2014, Plaintiff filed objections to the Report and Recommendation.[22] Plaintiff reasserts that Sirera provided ineffective assistance of counsel as his "performance fell

---

[16] *Id.* at 3–4 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.* at 4–5 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

[20] *Id.* at 5.

[21] *Id.* (citing *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)).

[22] Rec. Doc. 5.

below ethical and national standards."[23] He also argues that Sirera violated his constitutional rights against self-incrimination, to due process, to a trial and to remain silent.[24] He asserts that Sirera caused him cruel and unusual punishment under the Eight Amendment.[25] Finally, he contends that Linder and Longino could have helped him obtain relief.[26]

## II.   Standard of Review

### A.   *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[27] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[28] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[29] However, a district court's review is limited to plain error of parts of the report that are not properly objected to.[30]

---

[23] *Id.* at 3–4.

[24] *Id.* at 4.

[25] *Id.*

[26] *Id.*

[27] 28 U.S.C. § 636(b)(1)(B).

[28] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[29] Fed. R. Civ. P. 72(b)(3).

[30] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### B.  Standard for Frivolousness

A district court has broad discretion in determine the frivolous nature of a prisoner's complaint.[31] A complaint is frivolous if it lacks an arguable basis in law or fact.[32] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[33] It lacks a basis in fact if "the facts alleged are clearly baseless."[34] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[35]

## III.   Law and Analysis

### A.  Habeas Corpus Relief

Plaintiff does not specifically object to the Magistrate Judge's finding that a federal habeas corpus application is the sole remedy for the relief Plaintiff seeks. Accordingly, this Court's review is for plain error. In *Preiser v. Rodriguez*, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[36]  The Fifth Circuit instructs that the "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is . . . whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges

---

[31] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[36] 411 U.S. 475, 500 (1973).

the rules, customs, and procedures affecting 'conditions' of confinement."[37]

Here, Plaintiff's claims clearly challenge the fact and duration of his physical imprisonment. Plaintiff asserts that Sirera provided ineffective assistance of counsel when he advised him to plead guilty. In his objections to the Report and Recommendation, Plaintiff raises several additional claims: (1) Sirera violated his constitutional rights against self-incrimination, to due process, to a trial and to remain silent; and (2) Sirera's conduct caused Plaintiff cruel and unusual punishment under the Eight Amendment. Plaintiff has presented the Court with no reason for his failure to raise these claims in his initial complaint.[38] Nevertheless, these additional claims do not change the Court's analysis because all of the claims relate to the fact of Plaintiff's confinement, and his request for relief remains that this Court release him from jail. Accordingly, the Court finds that Plaintiff's Section 1983 action is barred because these claims clearly challenge the fact and duration of Plaintiff's physical imprisonment and must be brought in a habeas corpus petition.

The Fifth Circuit has recognized that district courts may construe a Section 1983 petition as a habeas petition.[39] Here, it would be inappropriate to construe this application as a federal habeas corpus application because Plaintiff filed such a petition, and it was dismissed by another section of this Court on October 15, 2014.[40] Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court lacks

---

[37] *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987)),

[38] The Fifth Circuit has noted that the failure to present arguments to the Magistrate Judge can constitute a waiver of such arguments. *See*, *e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). However, the Fifth Circuit has also held that a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1994).

[39] *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 420 (5th Cir. 2002) (abrogated on other grounds).

[40] *Williams v. Strain*, Civil Action No. 13-2998 (E.D. La. Oct. 15, 2014).

jurisdiction to consider a second or successive habeas petition unless the Fifth Circuit has granted

the petitioner express permission to file such a petition. The Fifth Circuit has not granted Plaintiff

permission to file a successive habeas petition. Accordingly, the Court adopts the Magistrate Judge's

recommendation that Plaintiff's claims be dismissed with prejudice as frivolous and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## B.  Claims Against Sirera and Linder

Plaintiff raises no specific objection to the Magistrates Judge's finding that his claims against

Sirera and Linder be dismissed because public defenders do not act under color of state law when

performing a lawyer's traditional functions. The Supreme Court has held that "a public defender

does not act under color of state law when performing a lawyer's traditional functions as counsel

to a defendant in a criminal proceeding."[41] Plaintiff's claims against Sirera and Linder relate to the

representation he received in his state criminal proceeding. Accordingly, reviewing for plain error

and finding none, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims

against Sirera and Linder be dismissed with prejudice as frivolous and for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).[42]

## C.  Claim Against Longino

Plaintiff raises no specific objection to the Magistrates Judge's findings regarding his claim

that Longino inadequately responded to his administrative grievance.[43] A prisoner does not have a

---

[41] *Id.* at 4–5 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

[42] Rec. Doc. 13 at 12.

[43] Rec. Doc. 16 at 9-10.

constitutionally protected liberty interest in having "grievances resolved to his satisfaction."[44]

Longino cannot be held liable under Section 1983 in the absence of a constitutional violation.[45]

Accordingly, reviewing for plain error and finding none, the Court adopts the Magistrate Judge's

recommendation that Plaintiff's claim that Longino inadequately responded to his administrative

grievance be dismissed with prejudice as frivolous and for failure to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915A(b)(1).[46]

### IV.  Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and

Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation

issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH**

**PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant

to 28 U.S.C. § 1915A(b)(1).

**NEW ORLEANS, LOUISIANA,** this  20th  day of August, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

[45] *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

[46] Rec. Doc. 13 at 12.